Maurice Wahl, J.
Heretofore this court determined the issues in this case by a written decision that the plaintiff is entitled to recover against the defendant Oestreicher in the sum of $750 and interest. This memorandum is filed supplemental to that determination.
This action was brought by a tenant on the seventh floor against the tenant on the tenth floor and also against the landlord and the landlord’s managing agent, for property damage sustained as a result of the overflow of water allegedly caused by their negligence. The negligence complained of on the part of the defendant 480 Park Avenue Corporation, owner and landlord of the building known as 480 Park Avenue, wherein plaintiff’s apartment is located, consists of its alleged failure to notify the tenants of said building of its intention to turn off their water supply and failure to make certain that all faucets were tight and closed before so doing. Said negligence is claimed to have caused the water damage which resulted when a maid in the apartment of the defendant Oestreicher, tenant on the tenth floor, opened a water tap and, finding that no water was flowing, neglected to close it again. Defendant 480 Park Avenue Corporation contends that it was not negligent for the reasons that (1) it owed no duty to plaintiff to notify other tenants of its intention to turn off their water supply or to make certain that their faucets were tight and closed, and (2) that even if such a duty was found to exist, it did not fail to perform that duty, and (3) that even if it was found that it had failed to perform such duty, such failure was not the proximate cause of the resultant ' injury.
Upon the evidence and the facts it is clear that no liability may be imposed upon Pease & Elliman, Inc. The agent is not *902 liable to the plaintiff for acts of nonfeasance. If there is any negligence, it was a breach of duty to its principal, the landlord, and not to the plaintiff.
It is clear that the defendant Oestreicher is responsible for the acts of his servant and therefore liability is imposed upon him.
The only question that disturbed this court was the possible liability of the defendant 480 Park Avenue Corporation. It seems to me that the failure of the landlord to notify the tenants in the building that the water supply was to be closed was an act that contributed to the unfortunate result. I have carefully examined the case of Palscraf v. Long Is. R. R. Co. (248 N. Y. 339), and fail to see its relevancy in the set of facts before me. The inspiring opinions of both the majority and the minority are well worth keen study. But to say that the orbit of the danger as disclosed to the eye of reasonable vigilance is the orbit of duty is delightful to the ear, but of no assistance to the issue. In short, I am inclined to believe that the landlord should have foreseen the possibility of a faucet being left open. Indeed, it must happen frequently in the less fortunate sections of the city. This court does not live in an ivory tower, and knows from observation and experience that it is customary for the landlord to apprise tenants by notice, directly or by posting, of some unusual occurrence, either a cleaning of the water tank or the repair of the boiler. Tenants expect to be so notified, and the owners usually know that it is expected of them. Therefore, prophetic vision of such an eventuality is not required, but plain common sense. The probability of what happened here could have been foreseen. It is not beyond the reasonable anticipation of the ordinary prudent man that some one might open a faucet and, finding the water not running, leave it open. Inquiry, observation and experience all lead me to this conclusion. Hence, this court is inclined to believe that landlord did owe a duty to notify the other tenants of its intention to turn off the water supply and that it failed to perform that duty and that such failure was the proximate cause of the damage.
However, the impact of prior decisions in matters similar on the question of proximate cause has forced this court to the conclusion that any change of the law should be enunciated by the appellate courts, and it is with reluctance I hold that the plaintiff may not recover against the landlord.
Therefore judgment is to be entered for the plaintiff against the defendant Oestreicher in the sum of $750 with interest, and dismissing the cause of action against 480 Park Avenue Corporation and Pease & Elliman, Inc.